UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JOSUE D. M. F.,

    Petitioner,

v.

PAMELA BONDI, *United States Attorney General;* DAREN K. MARGOLIN, *Executive Office for Immigration Review*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*,

    Respondents.

Civil No. 26-648 (JRT/EMB)

**ORDER**

---

On January 26, 2026, Petitioner filed a Verified Petition for Writ of Habeas Corpus. (Docket No. 1.) Petitioner is a citizen of El Salvador and arrived in the United States in 2006. (Petition ¶ 13.) He has held Deferred Action for Childhood Arrivals (DACA) program status since 2015. (*Id.* ¶ 29.) He has no criminal history. (*Id.* ¶ 30.) On January 26, 2026, Petitioner was arrested by federal officials as he was leaving his home. (*Id.* ¶ 31.)

Petitioner alleges that he was provided with no warrant for his arrest and is now being detained unlawfully. (*Id.* ¶ 32, 71–111.)

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Respondents are **ENJOINED** from removing, transferring, or otherwise facilitating the removal of Petitioner from the District of Minnesota until the Court issues an order on the pending Petition for Writ of Habeas Corpus (Docket No. [1]).

    a. Respondents may request permission from the Court to move Petitioner if unforeseen or emergency circumstances arise which require Petitioner to be removed from the District. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner.

    b. If Petitioner has already been removed from Minnesota, Respondents are **ORDERED** to immediately return Petitioner to Minnesota.

2. Respondents are directed to file an answer to the petition for a writ of habeas corpus by **no later than 5:00 p.m. January 28, 2026**, certifying the

true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case.

3. Respondents' answer must include:

   a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition;

   b. A reasoned memorandum of law and fact explaining Respondents' legal position on Petitioner's claims;

   c. Respondents' recommendation on whether an evidentiary hearing should be conducted;

   d. Whether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release. *See e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026).

4. If Petitioner intends to file a reply to Respondents' answer, he must do so by **no later than 5:00 p.m. on January 29, 2026**. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order.

5. Petitioner's Motion for a Temporary Restraining Order (Docket No. [3]) is **DENIED as moot**.

Dated: January 26, 2026                                _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                           JOHN R. TUNHEIM
                                                                                 United States District Judge